

The district court properly dismissed plaintiffs' claims for fraud because plaintiffs failed to make allegations with the specificity required by Fed.R.Civ.P. 9(b). *See Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124–25 (9th Cir.2009).

The district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile. *See Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir.2010).

Plaintiffs' contentions that the foreclosure proceedings violated constitutional and California Commercial Code provisions lack merit.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett. v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

**Sheila DHAROD, Plaintiff–Appellant,**

v.

**LOS ANGELES CITY COLLEGE;
et al., Defendants–Appellees.**

No. 11–56607.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Sheila Dharod, Los Angeles, CA, pro se.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Sheila Dharod appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging claims related to her impeachment as a student body leader at a California community college. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Dharod's 42 U.S.C. § 1985 claims because Dharod failed to allege either a racial or other class-based conspiracy to deprive her of her equal protection rights, or that defendants interfered with any judicial proceeding or a federal official's performance of his or her duties. *See* 42 U.S.C. § 1985; *see also Usher v. Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987) (discussing elements of § 1985 claim).

The district court properly dismissed Dharod's § 1983 claims against the Los Angeles City College and the Associated Students Organization based on Eleventh Amendment sovereign immunity, and against the individual student defendants because they did not act under color of state law. *See Rounds v. Or. State Bd. of*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.